IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

QUANTEL SAUNDERS,

          Petitioner,

v.                                 CIVIL ACTION NO.  2:21-cv-00102

DONALD AMES,

          Respondent.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241* (Document 1), wherein the Petitioner asserts that he is being held in violation of the Constitution or laws of the United States as a pretrial detainee pursuant to an indictment filed in the Fayette County Circuit Court.[1] In particular, the Petitioner asserts that the State presented false or misleading testimony, police officers violated the West Virginia Eyewitness Identification Act, and that his "mistrial bars retrial due to double jeopardy" because a "manifest necessity" was not properly found by the Circuit Court. (Document 1 at 7, 13-15.)

By *Standing Order* (Document 4) entered on February 17, 2021, this action was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636. On February 18, 2021, the Magistrate Judge submitted a *Proposed Findings and Recommendation* (PF&R) (Document 5), wherein it is recommended that the Court deny the Petitioner's petition for

---

[1] *State v. Saunders*, Criminal No. 17-F-26.

a writ of habeas corpus, adopt the PF&R, and remove this matter from the Court's docket. The Petitioner filed *Objections to Proposed Findings and Recommendations* (Document 15) on March 31, 2021, following two extensions of the deadline for filing such objections. For the reasons stated herein, the Court finds that the Petitioner's objections should be sustained, the Magistrate Judge's PF&R rejected, and this matter remanded to the Magistrate Judge for further proceedings in accordance with this opinion.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Magistrate Judge's PF&R sets forth the factual and procedural background of this case in detail. The Court hereby incorporates those factual findings, but to provide context for the ruling contained herein, provides the following summary. The Petitioner is a pretrial detainee challenging his detention pursuant to a three-count indictment filed in Fayette County Circuit Court of West Virginia,[2] wherein the Petitioner is charged with one count of conspiracy to commit a felony, one count of murder, and one count of robbery in the first-degree.

The Petitioner asserts that he is being detained in violation of the Constitution or the laws of the United States. First, the Petitioner argues that the State knowingly and improperly presented false or misleading testimony to the grand jury. Specifically, the Petitioner asserts that an individual provided a statement identifying the Petitioner as a person fleeing from the crime scene and that identification "significantly contributed to the grand jury's decision to indict. . ." (Document 1 at 11.) However, the Petitioner asserts that the identifying statement can be proven false.

---

[2] *State v. Saunders*, Criminal No. 17-F-26, 19-1084. The Petitioner's petition for a writ of habeas corpus also indicates that he is currently serving a sentence after being convicted of a crime in the Raleigh County Circuit Court of West Virginia, case number 15-IF-279H.

Second, the Petitioner argues that police officers violated the West Virginia Eyewitness Identification Act by failing to follow proper procedure prior to his identification by Sabrina Gray. The Petitioner argues that the officers and the prosecutor "knew, or should have known, that Sabrina Gray's identification was misleading and commits a violation toward [the Petitioner]." (Document 1 at 12.) The Petitioner further argues that Sabrina Gray's identification "greatly contributed to the grand jury's decision to indict." (*Id.*)

Lastly, the Petitioner argues that his "mistrial bars retrial due to double jeopardy" because a "manifest necessity" was not properly found by the Circuit Court. (Document 1 at 7, 13-15.) The Petitioner asserts that he discovered the existence of exculpatory evidence a few days after his jury trial began. An *in camera* hearing was conducted, and the State acknowledged and disclosed the exculpatory evidence. The Petitioner states that at that point his defense counsel moved to dismiss the action, arguing that the State had failed to disclose exculpatory evidence in violation of *Brady v. Maryland*. That motion was denied, but the Circuit Court allowed a continuance to investigate the exculpatory evidence. The State objected to a further continuance and requested a mistrial, which the Circuit Court granted.

The Petitioner asserts that he appealed the Circuit Court's decision granting a mistrial to the West Virginia Supreme Court of Appeal. On January 6, 2020, his appeal was denied. In his petition for writ of habeas corpus, the Petitioner stated, "I believe this to be my next step to higher court." (Document 1 at 4.) The Petitioner now requests that this Court issue a writ of petition to reverse the Court of Fayette County's Order and dismiss the pending state "criminal action in accordance with constitutional protections of the Fifth Amendment to the Constitution and Article 3, Section 5 of the West Virginia Constitution which protects individuals from and against double jeopardy." (Document 1 at 8.)

**STANDARD OF REVIEW**

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). When reviewing portions of the PF&R de novo, the Court will consider the fact that Petitioner is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

**DISCUSSION**

In the PF&R, the Magistrate Judge determined that the *Younger* abstention doctrine should apply and preclude this Court from interfering with the state criminal proceeding. In particular, the Magistrate Judge stated that the state court proceedings are ongoing and the Petitioner has yet to stand trial upon charges contained in the indictment, that the pending state criminal proceeding involves an important state interest, and that there is no indication that this Court should make any exception to abstention.

The Petitioner objects to the PF&R, arguing that filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 is the appropriate next step for relief, and asks "this Court to administer justice by injunction to the Circuit Court of Fayette County, West Virginia, to cease and desist the

attempt to try the Petitioner based upon the 'manifest necessity' doctrine and the Double Jeopardy attachment." (Document 15 at 5.) The Petitioner argues that the PF&R is incorrect in stating that the Petitioner appears to be attempting to appeal a State Court decision to this Court. Instead, the Petitioner states that he filed a writ of prohibition with the West Virginia Supreme Court of Appeals, not an appeal, and that a Section 2241 petition is the correct process through which a pretrial detainee may seek relief for a violation of double jeopardy without any manifest necessity after denial of a writ of prohibition. Additionally, the Petitioner argues that the Magistrate Judge failed to analyze the facts of the case in light of case law demonstrating that a mistral should not have been granted by the Circuit Court.

The Double Jeopardy Clause provides "that when a trial court abuses the ample discretion afforded to it in granting a mistrial in a criminal case over a defendant's objection, the defendant may not be retried." *Gilliam v. Foster*, 75 F.3d 881, 905 (4th Cir. 1996). In *Younger v. Harris*, the Supreme Court held that a federal court must generally abstain from enjoining state criminal prosecutions challenged on constitutional grounds. *Younger v. Harris*, 401 U.S. 37, 43 (1971).

> Absent a few extraordinary exceptions, *Younger* mandates that a federal court abstain from exercising jurisdiction and interfering in a state criminal proceeding if (1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests' and (3) provides adequate opportunity to raise constitutional challenges.

*Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006). *Younger's* mandate may be disregarded by a federal court only where "(1) there is a showing of bad faith or harassment by state officials responsible for the prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary

circumstances exist that present a threat of immediate and irreparable injury." *Id.* (*quoting Younger*, 401 U.S. at 46) (internal quotation marks omitted).

The Fourth Circuit has held that "one such extraordinary circumstance may exist in the double jeopardy context, where a 'portion of the constitutional protection the Double Jeopardy Clause affords would be irreparably lost if claimants were forced to endure a second trial before seeking to vindicate their constitutional rights at the federal level.'" *Id.* (*quoting Gilliam v. Foster*, 75 F.3d 881, 904 (4th Cir. 1996) (en banc)) (internal brackets omitted). Other courts to have addressed this issue "have unanimously recognized that a colorable claim that a second trial will violate a defendant's double jeopardy right is a preeminent example of one of the very few extraordinary circumstances justifying federal court intervention in a pending state criminal proceeding." *Gilliam*, 75 F.3d at 904.[3] "Moreover, this conclusion is buttressed by the fact that the Supreme Court has never refused on the basis of the *Younger* abstention doctrine to decide the merits of a double jeopardy claim raised in a § 2254 petition." *Id.* The Supreme Court has held that denial of a motion to dismiss an indictment on double jeopardy grounds is an immediately appealable final decision. *Abney v. United States*, 431 U.S. 651, 655 (1977).

However, "a party must show a 'substantial likelihood of an irreparable double jeopardy violation' in order to avoid *Younger* abstention." *Nivens*, 444 F.3d at 242. "In other words, the key question is whether the state allows for Appellants to raise their objections, not whether the state agrees with those objections." *Id.* at 243. If the petitioner fails to show a "clear, immediate,

---

3 Citing *Satter v. Leapley*, 977 F.2d 1259 (8th Cir. 1992); *Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992), *cert. denied*, 506 U.S. 1048 (1993); *Showery v. Samaniego*, 814 F.2d 200, 201 n.5 (5th Cir. 1987); *Doe v. Donovan*, 747 F.2d 42, 44 (1st Cir. 1984) (per curiam); *United States ex rel. Stevens v. Circuit Court of Milwaukee Co., Wis. Branch VIII*, 675 F.2d 946, 947-48 (7th Cir. 1982); *Gully v. Kinzman*, 592 F.2d 283, 286-87 (6th Cir.), *cert. denied*, 442 U.S. 924 (1979); *Drayton v. Hayes*, 589 F.2d 117, 120-21 (2d Cir. 1979); *United State ex rel. Webb v. Court of Common Pleas of Philadelphia County*, 516 F.2d 1034, 1037-39 (3d Cir. 1975).

or irreparable double jeopardy violation, abstention remains the proper course of action for the district court . . . ." *Id.* at 244. Additionally, prisoners must exhaust their state court remedies prior to bringing a federal habeas petition in district court. *Rose v. Lundy*, 455 U.S. 509, 522 (1982).

Construing the Petitioner's petition liberally, the Court will review the petition as one filed pursuant to 28 U.S.C. § 2254, since the Petitioner is challenging a state court judgment. In this case, the Petitioner has put forth a claim that he is being held as a pretrial detainee in violation of his double jeopardy rights. In particular, the Petitioner has asserted that a jury trial began on the pending indictment, but that a mistrial was declared after the discovery of exculpatory evidence and a continuance. He asserts that he is now being held as a pretrial detainee on that same indictment, despite a motion to dismiss the pending indictment due to a double jeopardy violation.

The case law is clear that violation of a defendant's double jeopardy rights presents an extraordinary circumstance that could warrant federal intervention and refraining from *Younger* abstention. The Petitioner has set forth a claim that, if determined to be colorable, may warrant federal intervention. However, additional information is needed to determine whether the alleged double jeopardy violation is in fact clear, immediate, and irreparable, and whether the Petitioner has exhausted remedies available to him at the state level. Therefore, the Court finds that the Petitioner's petition for writ of habeas corpus should not be dismissed.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Objections to Proposed Findings and Recommendations* (Document 15) be **SUSTAINED** and the *Proposed Findings and Recommendations* (PF&R) (Document 5) be **REJECTED**. The Court

further **ORDERS** that this matter be **REMANDED** to the Magistrate Judge for further findings in accordance with this opinion.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: April 13, 2021

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA